UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 09-3690-6B1

In the Matter of:

LAS VEGAS CASINO LINES, LLC

    Debtor.
_____/

## MOTION TO ALLOW DEBTOR TO SELL VESSEL FREE AND CLEAR OF LIENS PURSUANT TO 11 USC 363(F)(1),(3),(4),(5), WITH ALL LIENS BEING TRANSFERRED TO THE PROCEEDS AND TO NOT SIGN AN ORDER GRANTING THE MOTION BY CANAVERAL PORT AUTHORITY FOR RELIEF FROM STAY, AND **MOTION FOR EXPEDITED EMERGENCY HEARING**

COMES NOW the Debtor-in-Possession, by and through its undersigned attorney, and requests this Court to authorize the Debtor to sell the vessel in accordance with the attached Exhibit "A" contract, for a total contract price of $4,200,000, to not sign an Order for relief from the stay to allow a marshal sale after arrest of the vessel, and for an emergency hearing, and as grounds therefor will show:

1.     The proposed buyer, Liquid Magic Casino Cruise LLC ("Buyer") was located by Lou Daleo, who was appointed as the broker to sell the vessel.

2.     On August 10, 2009, the Court orally announced it would grant relief to the Canaveral Port Authority on their motion for relief from stay. It is believed the Court announced it would lift the stay because Debtor had no buyer who had submitted a written contract. It is also believed that if an Order granting relief from stay is signed, it will cause this Buyer and other prospects to walk away and withdraw the offer.

3.     Prior to the hearing, the broker had been negotiating with various prospects, but as announced in Court, none had signed a contract.

1

4. After the hearing, the broker, the Buyer and Debtor's principal completed the attached Exhibit "A" contract for sale.

5. The contract total $4,200,000 and will provide $1,200,000 to the estate on closing. There will be 60 equal payments, or $500,000 discount if paid off within ten months. The Buyer is looking for outside financing, and hopes to avail itself of the discount. The vessel will act as collateral and there will be personal guarantees signed by the principal of the Buyer and his spouse.

6. While it was largely conceded during the August 10, 2009 hearing that an arrested vessel would not likely spin off excess money after paying maritime liens, Debtor intends to present evidence that an arrested vehicle would unlikely bring in excess of the $500,000.

7. The nature of the casino boat industry is that it is very small, with most buyers knowing each other and many times bids at marshal admiralty sales are viewed as a way to get a vessel for much less than on a negotiated sale of a vessel.

8. Debtor respectfully argues all creditors are better served by this contract being approved by the Court.

9. The need for emergency relief is because the buyer will pay the down payment upon Court approval and it will get the parties to a closing. Also, it will prevent an arrest of the vehicle which will further greatly devalue the effective marketability of the vessel.

10. The need to continue the automatic stay of 11 USC 362 is critical because if the buyer hears the ship will be arrested, the buyer could back out of the contract and seek a better deal at a marshal maritime sale.

11. The Court is asked to allow the sale with all liens being transferred to the sale

proceeds because under admiralty law a vessel is typically sold free and clear of all liens with the liens being transferred to proceeds. Therefore, the requirements of 11 USC 363 (F)(1)(5) are met. In addition, Debtor believes legitimate disputes as to the right to a maritime lien or the amount exists which will require contested proceedings to resolve the issues. Therefore, 11 USC 363(F)(4) is satisfied. Finally, at $4,200,000, it is believed the vessel may be getting sold for more than the aggregate value of all liens. Therefore, 11 USC 363 (F)(3) would be satisfied.

12. Debtor estimates one to two hours for a hearing. Debtor suggests an outside time of two hours because it was obvious at the August 10, 2009 hearing, that many of the attorneys present wish to argue and up to two hours will allow adequate time to put on evidence and for the Court to hear argument.

WHEREFORE, it is prayed the Court

1) Not sign an Order granting relief from stay, and continue the automatic stay of 11 USC 362 so the vessel is not arrested.

2) Authorize the Debtor to sell the vessel in accordance with the attached Exhibit "A" contract, with all liens being transferred to proceeds.

3) To grant to Debtor an emergency hearing on this Motion.

I HEREBY CERTIFY that a true copy of the foregoing with attachment was furnished by United States Mail/electronic transmission to United States Trustee, 135 W. Central Blvd., #620, Orlando, Florida 32801; Jules S. Cohen, Esquire, Post Office Box 231, Orlando, Florida 32802; C. Ryan Eslinger, Esquire, 815 S. Main St., #200, Jacksonville, Fl 32207; Stewart Cohen, Esquire, 1510 E. Colonial Drive, #310, Orlando, Florida 32803; Theresa M. Bennett, Esquire, 500 SE 17th St., #323, Ft. Lauderdale, Fl 33316; Timothy P. Shusta, Esquire, 100 S. Ashley Drive, #1900, Tampa,

Florida 33602; and Patricia Olney, Esquire, 677 Dave Nisbet Drive, #110, Port Canaveral, Florida 32920 this 12th day of August, 2009.

                              RAYMOND J. ROTELLA, OF
                              KOSTO & ROTELLA, P.A.
                              POST OFFICE BOX 113
                              ORLANDO, FLORIDA 32802
                              TELEPHONE 407/425-3456
                              FACSIMILE 407/423-5498
                              FLORIDA BAR NO. 157951
                              ATTORNEYS FOR Debtor

# Liquid Magic Casino Cruise LLC.
# 420 Hwy 80
# Garden City Georgia 31408

## OWNER FINANCE MEMORANDUM OF UNDERSTANDING

Asset: All the assets of Las Vegas Casino Lines, LLC., "Liquid Vegas" SVG-ON 6695, more fully identified in Exhibit "A" attached and incorporated herein;

- Sale Price $4,200,000
- Down payment of $1,200,000 to be paid as follows: $600,000 payable into escrow on or before August 27, 2009 or within 3 business days after the Courts approval, whichever is later. Balance of $600,000 is due at closing which will be 21 days thereafter payable into mutually agreeable escrow account. Funds to be released at closing.
- 60 equal monthly payments of $50,000 ($3,000,000) starting 60 days from the date of closing.
- LVCL shall have a perfected security interest in the vessel and all equipment. Personal guarantees from the principal that shows a net worth of $3,000,000. If assets are held with a spouse then he/she must also sign the personal guarantee. The principal (and spouse) will sign contract individually and as the principal of the corporation.
- LVCL is loss payee on insurance to be retained on the ship value of $4,200,000.
- $500,000 discount if the $3,000,000 is paid in full within first 10 months of delivery.
- LVCL will deliver the vessel to Savannah, Georgia within three days after the final closing or after all funds of $1,200,000 are received by LVCL, whichever is sooner.
- Vessel will be purchased "as is" and will include all existing safety equipment as required for COA by U.S.C.C.
- The web site, name and likeness of "Liquid Vegas" and Las Vegas Casino Lines and all equipment is included. (Excluding 169 Machines owned by Modern Gaming)
- LVCL warrants that no equipment will be removed from vessel as of today's date, the exception being the Modern Gaming machines if lease is not extended to LMCC.
- LMCC will begin to incur expenses at the execution of this document therefore LVCL shall remove the vessel from the market after the first $600,000 is received and after court approval.
- Upon execution of this memorandum, a more definitive purchase agreement shall be drafted and executed by the parties that more fully identifies the transaction as agreed upon by the parties. Time is of the essence.

August 11, 2009

1

**EXHIBIT A**

- Contract subject to court approval.

Dated and signed this __11__ day of August, 2009, by and between:

Liquid Magic Casino Cruise, LLC

By _____

Authorized Signatory

Las Vegas Casino Lines, LLC

By _____

Authorized Signatory

August 11, 2009

2