# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

LAS VEGAS CASINO LINES, LLC,

Debtor

_____/

Case No. 6:09-bk-03690-ABB
Chp. 11

## ORDER GRANTING CANAVERAL PORT AUTHORITY'S
## MOTION FOR RELIEF FROM STAY

This matter came before the Court on the Motion for Relief from Stay (Doc. No. 30) filed by the Canaveral Port Authority ("Port") and the Motion to Allow Debtor to Sell Vessel Free and Clear of Liens (Doc. No. 107) ("Sale Motion") filed by the Debtor Las Vegas Casino Lines, LLC. The Debtor requests the Court withhold ruling on the Port's Motion for Relief from Stay based upon a purported purchase offer for the vessel.

A hearing was held on August 10, 2009 on the Motion for Relief from Stay at which a representative of the Port and its counsel, a representative of the Debtor and its counsel, and other parties in interest appeared. The Court makes the following rulings after reviewing the pleadings, hearing live argument, and being otherwise fully advised in the premises.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED** that:

1. The purchase offer is not sufficiently certain to delay the entry of an Order granting the Port relief from the automatic stay. The Debtor's request to withhold ruling on the Port's Motion for Relief from Stay is hereby **DENIED.**

2. The Motion for Relief from Stay is hereby **GRANTED** to the extent provided for in this Order.

3. The automatic stay is modified to permit the Port to file a Complaint in the United States District Court (the "District Court") for foreclosure of its United States maritime lien, including the arrest of the ship Liquid Vegas owned by the Debtor, to permit all other parties with such maritime liens to foreclose their maritime liens, and to allow sale of the vessel in the District Court and distribution of the proceeds of the sale of the vessel to satisfy maritime liens.

4. When the Port arrests the ship, it shall cause the substitute custodian appointed by the District Court to obtain insurance on the ship and provide the Debtor with proof of insurance so the Debtor can cancel its insurance coverage on the ship.

5. The Debtor may present offers to purchase the vessel to this Court. This Court retains jurisdiction to consider offers and may communicate with the District Court as appropriate.

6. The Port shall file a report with this Court of the arrest of the ship when the arrest is made and this Court will set a status conference in this Chapter 11 case.

7. The United States Trustee will consider its position on the continued status of the case and present its recommendation, if any, at the next status conference.

8. The ten day stay of the effectiveness of this Order pursuant to Federal Rule of Bankruptcy Procedure 7062 is waived, and this Order is effective immediately upon its entry by the Court.

Dated this 17TH day of August, 2009.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge

Copies to:

Raymond Rotella, Esq. P O Box 113, Orlando, FL 32802
U.S. Trustee, 135 W. Central Blvd. #620, Orlando, FL 32801
C. Ryan Eslinger, Esq., 815 S. Main St., #200, Jacksonville, FL 32207
Jules S. Cohen, Esq., P O Box 231, Orlando, FL 32802
Stewart Cohen, Esq., 1510 E. Colonial Dr., #310, Orlando, FL 32803
Theresa M. Bennett, Esq., 500 SE 17th St., #323, Ft. Lauderdale, FL 33316
Timothy P. Shusta, Esq., 100 S. Ashley Dr., Ste. 1900, Tampa, FL 33602-5315
Patricia Olney, Esq., 677 Dave Nisbet Dr., Ste 110, Port Canaveral, FL 32920-4528